UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLARENCE KLABO, on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EASY HEAT, INC., <br><br> Defendant. | Civil Action No. 02-CV-877 <br><br><br> **FINAL ORDER AND JUDGMENT** |

### FINAL ORDER AND JUDGMENT

Having considered the Amended Settlement Agreement dated June 17, 2005, and duly filed with this Court, including the exhibits annexed thereto; the Notices of Pendency of Class Action, Proposed Settlement and Hearing ("Notices") having been duly given in accordance with the prior Order of this Court of June 20, 2005 (the "Notice Order"); a hearing having been held on August 25, 2005 for the purpose of determining whether the terms of the Amended Settlement Agreement are fair, reasonable and adequate and should be approved by the Court in full settlement of the above-captioned litigation; having heard the attorneys for the parties in support of the Amended Settlement Agreement and in light of the absence of any objections submitted to the Court; and upon all papers filed and proceedings had herein; and good cause having been demonstrated to this Court's satisfaction under the standards of Rule 23 of the Federal Rules of Civil Procedure:

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Having heard all interested parties, the Court finds that the proposed Amended Settlement Agreement, attached hereto as Exhibit "A" and incorporated herein for all purposes, as fair, reasonable and adequate, and directs consummation of all its terms and provisions.

2. Having considered all information pertinent to counsel's ability to fairly and adequately represent the interests of the Class, the Court hereby finds and concludes that counsel has:

> worked to identify and investigate potential claims in the action;
>
> demonstrated experience in handling class actions, other complex litigation, and claims of the type asserted in this action;
>
> demonstrated knowledge of the applicable law;

and

> committed adequate resources to representing the Class.

Therefore, the Court hereby designates counsel for the named Plaintiffs as Class Counsel.

3. The Court hereby finds and concludes that notice of the litigation and settlement has been given to all Settlement Class members known and reasonably identifiable in full satisfaction of the requirements of Federal Rules of Civil Procedure 23(b)(4), (c)(2) and (e), and due process.

4. The prior provisional certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b) is hereby confirmed for purposes of the settlement approved by this Order. The Settlement Class is defined as:

> All persons and business entities in the United States who purchased, installed, or otherwise acquired Easy Heat XDETS cables, or who own a structure in which XDETS cables were installed.

Pursuant to the Amended Settlement Agreement, however, persons who did not file a claim in this case pursuant to the original Settlement Agreement and/or who did not file a claim in response to the Supplemental Notice, shall be – and hereby are – deemed to have exercised their free choice

to exclude themselves from this settlement, and the same are hereby excluded from the settlement class hereby certified and approved. The Court understands that approximately 400 persons will participate in the settlement and that all other persons are excluded from this amended settlement and the terms of this Order.

5. All claims asserted in the Amended Class Action Complaint filed in this litigation, as well as those claims asserted in all the complaints in this litigation, are dismissed on the merits and with prejudice as to all Settlement Class members (as elsewhere described in this Order), without costs to any party. Easy Heat, Inc. ("Easy Heat"), Easy Heat Ltd., Emerson Electric Co., EGS Electrical Group, LLC, SPX Corp., Apple JV Holding Corp., Edwards Systems Technology, Inc., and other subsidiary and affiliated companies of Emerson Electric Co., EGS Electrical Group, LLC, and SPX Corp., and their current or former attorneys, and any of its current or former successors, parents, affiliates, present, past or future officers, stockholders, insurers, agents, employees, and predecessors, shall forever be released and discharged from any and all claims or causes of action, whether legal or equitable in nature, that were brought in this litigation by any Settlement Class member or which could have been asserted by any Settlement Class member (except as to such a member who is excluded from the Settlement Class under the terms of the Amended Settlement Agreement) arising out of, or in any way relating directly or indirectly to the sale, performance, manufacture, marketing, advertising, design, use, installation, or repair of XDETS cables or the handling of claims involving XDETS cables. Nothing contained in the Amended Settlement Agreement or in this Final Order and Judgment shall be deemed an admission or finding of wrongdoing by, or with respect to, any party.

6. The Court hereby finds and concludes that all individual Settlement Class members known and reasonably identifiable have been afforded an opportunity to request exclusion from the

Settlement, or have otherwise been identified in the Settlement Agreement as being excluded from this settlement and the terms of this Order. Nothing in this Order shall be interpreted to be in conflict or modification of the terms of the Amended Settlement Agreement.

7. The Amended Settlement Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, the Amended Settlement Agreement nor any action taken thereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact that was or could have been alleged by Plaintiffs in this litigation, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Easy Heat or any admission by Easy Heat of any claim or allegation made in any action or proceeding against Easy Heat. The Amended Settlement Agreement shall not be offered or be admissible in evidence by or against Easy Heat or cited or referred to in any other action or proceeding, except in any action or proceeding brought by or against Plaintiffs (including named plaintiffs or any Settlement Class members) or Easy Heat to enforce or otherwise implement the terms of the Amended Settlement Agreement.

8. Members of the Settlement Class as described and limited in paragraph 4 of this Order are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Easy Heat or any of the other entities or persons who are to be discharged as noticed above in Paragraph 5, based upon, relating to, or arising out of, any of the matters which are discharged and released pursuant to Paragraph 5 hereof.

9. The claims of all persons and entities who elected to be excluded from the Settlement Class in the time and manner provided in the Supplemental Notice (or are, by the terms of the Amended Settlement Agreement, automatically excluded) are dismissed without prejudice.

10. If the Effective Date, as defined in the Amended Settlement Agreement, does not

occur for any reason whatsoever, this Final Order and Judgment shall be deemed vacated and shall have no force and effect whatsoever.

11. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Settlement Class as defined above, and the execution, consummation, administration, and enforcement of the terms of the Amended Settlement Agreement.

12. The Court hereby appoints Martin W. Kus as Special Settlement Master. Mr. Kus shall undertake all of the duties and responsibilities of the Special Settlement Master as described in the Amended Settlement Agreement. Mr. Kus will be compensated in an amount and upon terms to be set forth in a separate filing to be approved by this Court.

13. Easy Heat is hereby permanently enjoined from any further production, marketing, and sale of XDETS cables. Easy Heat shall not represent or imply to consumers that the XDETS cable was sold with any limitation of warranty. Easy Heat is further enjoined from enforcing the terms of any alleged warranty on such product that contains terms less favorable than the terms provided by the Amended Settlement Agreement. Any future settlements or releases arising out of such warranty shall display the following language in bold print: "If you have any questions about your legal rights, you may wish to consult with a lawyer."

14. There being no just reason for delay, the Clerk is directed to enter this Final Order and Judgment forthwith.


Dated: August 25, 2005              S/ ALLEN SHARP
                                    ALLEN SHARP, JUDGE
                                    UNITED STATES DISTRICT COURT